```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
JAMES L. ROUDABUSH, JR.,            :
                                    :
          Petitioner,               :   Civ. No. 15-8110 (NLH)
                                    :
     v.                             :   OPINION
                                    :
MENSAH, et al.,                     :
                                    :
          Respondents.              :
_____:

APPEARANCES:
James L. Roudabush, Jr., # R82038-083
Low Security Correctional Institution[1]
P.O. Box 999
Butner, NC 27509
     Petitioner Pro se

HILLMAN, District Judge

                    I.   PROCEDURAL HISTORY

     Petitioner James L. Roudabush, Jr., a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey, filed this writ for mandamus under 28 U.S.C. § 1361, seeking the return of his legal papers. (ECF No. 1). This case was

---

[1] Petitioner has failed to provide the Court with his new address in violation of Local Civil Rule 10.1. See L.Civ.R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk."). Nevertheless, the Court will direct the Clerk of the Court to update Petitioner's address to reflect the return address on Petitioner's most recent submission (ECF No. 20).

initially filed with the United States District Court for the Eastern District of Virginia.  Due to Petitioner's failure to satisfy the filing fee requirement, the case was dismissed without prejudice to Petitioner's right to resubmit the case. (ECF No. 3).  Petitioner appealed, but then filed a motion to reopen the instant case (ECF No. 10) and voluntarily dismissed the appeal. (ECF No. 13).  The district court for the Eastern District of Virginia granted Petitioner's motion to reopen his case and vacated its previous dismissal order and judgment. (ECF No. 15).  Petitioner then filed an application to proceed <u>in forma pauperis</u> (ECF No. 17) and an Amended Petition (ECF No. 17), which named two officials at FCI Fort Dix in New Jersey as respondents.  Accordingly, the district court for the Eastern District of Virginia determined that it lacked personal jurisdiction over the respondents, and the case was transferred to this Court for review by a judicial officer. (ECF No. 18).

## II.   FILING FEE

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  The entire fee to be paid in advance of filing a civil complaint, including a petition for writ of mandamus, is $400.  That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.

Under certain circumstances, however, this Court may permit an indigent party to proceed in forma pauperis.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915 and, ordinarily, the Prison Litigation Reform Act of 1995, Pub. L No. 104–135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

If the PLRA applies to this action, in order to proceed in forma pauperis, Petitioner is required to submit an affidavit, including a statement of all assets and liabilities, which states that he is unable to pay the fee; as well as a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his petition. 28 U.S.C. § 1915(a)(1), (2).  However, if the PLRA does not apply to this action, Petitioner in this case need only file an affidavit of poverty in support of his request for in forma pauperis status. See Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996) ("Where the PLRA applies, the petitioner must file an affidavit of poverty, a six-month account statement, and a form authorizing prison officials to withdraw money from his account; where it does not, the petitioner need only file an affidavit of poverty.").

A. <u>Application of the PLRA to the instant case</u>

Case law in the Third Circuit is not settled as to whether the PLRA applies to a petition for a writ of mandamus filed pursuant to 28 U.S.C. § 1361.  In <u>Madden v. Myers</u>, the Third Circuit held that true or "bona fide" mandamus petitions cannot be subject to the PLRA because they fall outside the plain meaning of the PLRA. 102 F.3d 74, 78 (3d Cir. 1996) <u>superseded by rule on other grounds as noted in</u>, <u>In re Ordaz</u>, 491 F. App'x 348, 2013 WL 142701 (3d Cir. Jan 14, 2013).[2]  The <u>Madden</u> court reached this conclusion by discussing the nature of a writ of mandamus — concluding that it is a "procedural mechanism" and, thus, is neither a "civil action" nor an "appeal" — and by determining that a writ of mandamus is not the type of litigation that Congress intended to curtail by implementing the PLRA. <u>Madden</u>, 102 F.3d at 77-78.

However, the <u>Madden</u> court conducted this analysis in the context of a writ of mandamus filed pursuant to 28 U.S.C. § 1651(a), and specifically declined to decide whether the same logic applied to § 1361 petitions. See <u>Madden</u>, 102 F.3d at 77 n.2 ("Although the same considerations may apply, whether the PLRA applies to § 1361 petitions is not before us, and

---

[2] <u>See</u> <u>In re Ordaz</u>, 491 F. App'x 348 (3d Cir. 2013) (noting that 3d Cir. L.A.R. 24.1(c)(1997) altered the prisoner account statement procedure described in footnote 6 of <u>Madden</u>).

4

therefore, we need not decide it at this time."). Thus, there is no case law on point to provide this Court with a definitive answer with respect to the petition at issue in this case, filed pursuant to § 1361.

However, several district courts in this circuit have applied the PLRA to petitions filed under § 1361. See, e.g., Hamani v. Dir. Fed. Bureau of Prisons, No. 11-2780, 2011 WL 2112306, at *1 (D.N.J. May 25, 2011) (collecting cases) ("This action is a civil action governed by the PLRA."); Keys v. Dep't of Justice, No. 4:08-CV-02239, 2009 WL 648926, at *2 (M.D. Pa. Mar. 10, 2009) (holding that the PLRA applies based on the plain language of the statute). Notably, the Third Circuit has affirmed a district court's sua sponte dismissal of a petition for writ of mandamus under 28 U.S.C. § 1915(e)(2), a provision of the PLRA which requires judicial screening of in forma pauperis cases. See Franco v. Bureau of Prisons, 207 F. App'x 145, 146 (3d Cir. 2006); see also Jones v. Bock, 549 U.S. 199, 214, 127 S. Ct. 910, 920, 166 L. Ed. 2d 798 (2007) ("In the PLRA, Congress added failure to state a claim and seeking monetary relief from a defendant immune from such relief as grounds for sua sponte dismissal of in forma pauperis cases, § 1915(e)(2)(B). . .").

In Franco, the district court relied on a case from the Court of Appeals for the Second Circuit in support of its

5

conclusion that the PLRA applied to the § 1361 petition for writ of mandamus before it. See Franco v. Bureau of Prisons, No. 05-5077, 2006 WL 1207976, at *1 (D.N.J. Apr. 28, 2006) (citing In re Nagy, 89 F.3d 115 (2d Cir. 1996)).  In In re Nagy, the Second Circuit concluded that "the PLRA requirements apply to those extraordinary writs that seek relief analogous to civil complaints under 42 U.S.C. § 1983, but not to writs directed at judges conducting criminal trials." In re Nagy, 89 F.3d at 116. Because the petition in In re Nagy was related to the judge conducting the criminal trial, the appellate court concluded that the requirements of the PLRA did not apply. Id.

Here, however, the pending petition under § 1361 does not relate to a judge conducting a criminal trial.  Rather, it seeks relief analogous to a civil complaint, i.e. specific action on the part of the Bureau of Prisons.  Therefore, using the standard set forth in In re Nagy — which has been utilized by other courts in this district, see Hamani, No. 11-2780, 2011 WL 2112306, at *1, and the use of which has been approved of by the Third Circuit, see Franco, 207 F. App'x at 146 — this Court determines that the petition for writ of mandamus presently before the court is subject to the requirements of the PLRA.

This conclusion is consistent with the reasoning set forth in Madden.  As an initial matter, the petition at issue in Madden was related to a pending habeas corpus action; whereas,

6

in this case, Petitioner seeks relief unrelated to any underlying civil or criminal action.[3]  Moreover, because Petitioner in this case asks this Court to compel the Bureau of Prisons to take certain action, it appears to be precisely the type of litigation that Congress indented to curtail through the implementation of the PLRA. See Madden, 102 F.3d at 77 ("The clear import of the PLRA is to curtail frivolous prison litigation, namely that brought under 42 U.S.C. § 1983 and the Federal Torts Claims Act.").  For these reasons, this Court determines that the PLRA does, in fact, apply to the instant petition for writ of mandamus filed pursuant to 28 U.S.C. § 1361.

    B. Petitioner's In Forma Pauperis Application

As set forth above, the provisions of the PLRA apply to the instant case.  Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  However, 28 U.S.C. § 1915

---

[3] The Court notes that, in the instant Petition, Petitioner seeks the return of legal papers submitted in several cases he has filed.  While these legal papers are certainly a consequence of the cases he filed, Petitioner does not ask this Court to grant any relief related to those actions.  In other words, Petitioner does not ask this Court to grant the specific relief he has asked for in those cases, or to order the courts deciding those cases to reach a determination, or to take any other action which would cause the instant Petition to serve as the type of "procedural mechanism" contemplated in Madden. See Madden, 102 F.3d at 77.

7

also prohibits a prisoner from bringing a civil action in forma pauperis, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A prisoner's entire action or appeal must be dismissed on grounds enumerated in § 1915(g) to count as a "strike." Byrd v. Shannon, 715 F.3d 117, 125 (3d Cir. 2013); see also Ball v. Famiglio, 726 F.3d 448 (3d Cir. 2013) cert. denied, 134 S. Ct. 1547, 188 L. Ed. 2d 565 (2014).  Moreover, a strike under § 1915(g) will accrue "only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." Byrd, 175 F.3d at 126.

Dismissals for frivolousness of civil actions or appeals, prior to the 1996 amendment of § 1915, count as "strikes" under 28 U.S.C. § 1915(g). See Keener v. Pennsylvania Bd. of Probation

& Parole, 128 F.3d 143, 144 (3d Cir. 1997).  Further, "strikes" under § 1915(g) can be accrued in actions or appeals where the prisoner has prepaid the filing fee, as well as in actions or appeals where the prisoner is proceeding in forma pauperis. Byrd, 715 F.3d at 124.

While incarcerated, Petitioner in this case has had at least three prior federal civil actions dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. See, e.g., Roudabush v. NRDC Equity Partners, LLC, No. 12-29 NLH, 2012 WL 4033725, at *3 (D.N.J. Sept. 12, 2012) (dismissing complaint in its entirety for failure to state a claim upon which relief may be granted); Roudabush v. Johnson, No. 11-7444 RMB, 2012 WL 3550525, at *3 (D.N.J. Aug. 16, 2012) (same); Roudabush v. United States, Civil Action No. 11-980 (RMB) (D.N.J. July 13, 2012); Roudabush v. Johnson, No. 705CV00691, 2006 WL 270020, at *2 n.3 (W.D. Va. Feb. 3, 2006) (concluding that "Roudabush's allegations are either frivolous or fail to state a claim upon which relief may be granted").

A review of the electronic database for the United States District Court for the District of New Jersey reveals that Petitioner is a frequent litigator.  In an opinion denying several, separate appeals filed by Petitioner, the Third Circuit recently noted that Petitioner "has filed over 90 civil actions and 30 appeals over the years, and he has 'three strikes' under

9

the Prison Litigation Reform Act ('PLRA')." Roudabush v. Warden Fort DIX FCI, No. 15-3113, 2016 WL 684015, at *1 (3d Cir. Feb. 19, 2016).

This Court again concludes that Petitioner has three strikes under 28 U.S.C. § 1915(g). See Roudabush v. Hall, No. 15-7887 (NLH), 2016 WL 155040, at *2 (D.N.J. Jan. 12, 2016) ("This Court likewise concludes that Plaintiff has three strikes under 28 U.S.C. § 1915(g)."); see also Roudabush v. Bittinger, No. 15-3185 (RMB), 2015 WL 4616869, at *1 (D.N.J. July 31, 2015) ("The Court, however, finds that Plaintiff has three strikes under the PLRA."); Roudabush v. McKool, No. 15-4233 (RMB), 2015 WL 3970078, at *2 (D.N.J. June 30, 2015) ("Plaintiff appears to have at least three strikes under this provision."). Further, the allegations of the Petition — which allege that Petitioner's legal papers were "seized, read and shared with other employees at FCI [Fort Dix]" (Am. Pet. 2, ECF No. 17) — do not suggest that Petitioner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).[4]

---

[4] The Court notes that in his Amended Petition, Petitioner specifically seeks return of his legal papers. See (Am. Pet. 1, ECF No. 17). Therefore, the Court does not construe Petitioner's submission as anything other than a petition for writ of mandamus seeking an order directing the Bureau of Prisons to return Petitioner's legal papers. However, the allegations of the Petition suggest that the legal papers were taken "because [he] had filed a lawsuit[.]" (Id. at 2). Petitioner then states, "Retaliation. I was placed in isolation." (Id.). Petitioner also mentions that he has a right

III. CONCLUSION

For the reasons set forth above, Petitioner's application for leave to proceed in forma pauperis will be denied and the Clerk of the Court will be ordered to administratively terminate this action, without filing the Petition or assessing a filing fee.[5] Petitioner will be granted leave to apply to re-open within 45 days by prepaying in full the $350 filing fee and the $50 administrative fee.

An appropriate Order follows.

                                                  s/ Noel L. Hillman
                                                  NOEL L. HILLMAN
                                                  United States District Judge

Dated: March 14, 2016
At Camden, New Jersey

---

to access to the courts. (Id.). To the extent Petitioner means to assert claims alleging violations of his constitutional rights, the Court notes that, typically, these types of claims are appropriately brought in the context of a civil rights action under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). See e.g., Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002); Castillo v. FBOP FCI Fort Dix, 221 F. App'x 172, 175 (3d Cir. 2007). The Court makes no determination as to the merits of such an action; nor does it make a finding as to whether Petitioner has exhausted his administrative remedies as required by 42 U.S.C. § 1997e. See, e.g., Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

[5] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

11